# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, NA successor by merger to BAC HOMES LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>                                Plaintiff,<br>   vs.<br>LAC T. HOILIEN; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-5; DOES ENTITIES 1-50; and DOES GOVERNMENTAL UNITS 1-50;<br><br>                               Defendants. | CASE NO. 14CV0132-LAB (WVG)<br><br>**ORDER RE: ISSUANCE OF WARRANT** |

    Attorney Linda Voss removed this action, and a related action, 14cv132-LAB (KSC), *Bank of America v. Hoilien*, from Hawaii state court on January 16. The Court on January 28 ordered her to show cause why the case should not immediately be remanded. The order also pointed out numerous reasons why the removal appeared to be frivolous, and ordered her to show cause why she should not be sanctioned for having filed it, by filing a memorandum of points and authorities.

    Ms. Voss did not obey the Court's order, and the Court remanded the case but retained jurisdiction over the issue of sanctions. Then on February 18, the Court ordered Ms. Voss to appear in person for a hearing on March 11, 2014, and to show cause why she

should not be sanctioned and held in contempt. The basis for sanctions or contempt included not only the original charges she had never responded to, but also the fact that she had disobeyed the Court's order. In addition public record information suggested that Ms. Voss was acting in bad faith. A review of the state court dockets showed judgment had been entered in both cases before Ms. Voss removed them. State bar disciplinary records also showed she had been fined and suspended from practice by two federal bankruptcy courts for dozens of repeated violations similar to the ones in the two cases before this Court. She is in the midst of state bar disciplinary proceedings arising from those final adjudications.[1] This mounting body of evidence strongly suggests that Ms. Voss is causing significant disruptions within the court system, and shows no inclination to stop in spite of the sanctions imposed on her.

Besides being emailed to her, the February 18 order was served on Ms. Voss personally at her home on March 3, and proof of service was filed in the docket of both cases. The order could hardly have been more clear what was required of her:

> Linda Voss, Esq. is therefore **ORDERED** to appear in person for a hearing to determine whether sanctions are appropriate, and what they should be, for having filed the notice of appeal, as well as to determine whether she should be sanctioned or held in contempt for disobeying this Court's order. The hearing will be held on **Tuesday, March 11, 2014 at 11:00 a.m.** at the United States Courthouse Annex, in courtroom 14A, 333 West Broadway, in San Diego, California. Ms. Voss may, if she wishes, file a memorandum of points and authorities not longer than seven pages, by Tuesday, March 4, 2014. She may be represented by counsel at her own expense if she wishes, but she still must personally appear.

(Order of February 18, at 1:27–2:7.)

Ms. Voss failed to appear for that hearing. She also never contacted the Court, filed anything by way of explanation or excuse, sent an attorney to represent her, or in any way

---

[1] The initiating documents, and Ms. Voss' response to one document, can be found on her California state bar page. Case number 13-J-12950 pertains to her suspension by the United States Bankruptcy Court for the Northern District of California, issued May 17, 2013. She filed a response to the state bar charge, admitting the underlying facts but arguing she was not culpable because of a "mental health condition from which [she] was suffering and for [she] is currently seeking admission into the State Bar's Lawyer Assistance Program and the State Bar Court's Alternative Discipline Program." (Response, August 12, 2013.) Case number 13-J-12950 pertains to her suspension by the United States Bankruptcy Court for the Central District of California; she has not yet filed a reply.

manifested any effort either to obey the Court's order or explain her failure to do so. On top of the sanctionable and contemptible conduct it appeared Ms. Voss had committed, her failure to appear amounts to criminal contempt. Even though she knew the Court had ordered her to appear, she disobeyed that order without explanation or any apparent excuse or justification. Assuming, as seems to be the case,[2] her failure to appear was willful, she is subject to discipline for criminal contempt.

Willful disobedience of the Court's order amounts to contempt. *United States v. Rylander*, 714 F.2d 996, 1001 (9th Cir. 1983);Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983). Civil contempt differs from criminal in that civil contempt seeks to coerce the contemnor to do what the court has already ordered her to do; and once she obeys, she is purged of the contempt and is free. Turner v. Rogers, 131 S.Ct. 2507, 2516 (2011). But here, the contempt serves to vindicate the Court's authority, and as such it is likely to be criminal in nature. See Rylander, 714 F.2d at 1001.

While the Court might fashion and impose some kind of sanction in absentia, the latest act of contempt is another matter; her presence is required.  See Crosby v. United States, 506 U.S. 255, 256 (1993) (holding that Fed. R. Civ. P. 43 does not permit trial in absentia of a defendant who absconds before trial and is not present when it begins).

Ms. Voss' pattern of behavior gives the Court every reason to believe her disruptive violations will continue. Her behavior also makes it clear she will not respond even when ordered to do so, and will not voluntarily appear at hearings. Regrettably, this leaves the Court with only two options: allow her to flout the Court's orders with impunity, and continue with her spree of violations; or order her taken into custody to answer the contempt charge.

---

[2] The Court could conceive of scenarios in which failure to appear would not be willful — for example, if Ms. Voss were suddenly incapacitated after being served with the order, and rendered unable to obey it. It is also possible, as suggested by her response to state bar disciplinary proceedings, that she is suffering from some kind of mental condition or disability that would render her actions less than willful. It should be noted, however, that her professed mental condition has not prevented her from filing pleadings or practicing law, so it is unclear how such a condition could prevent her from making even a small gesture of compliance, such as sending a letter explaining why she could not attend the hearing. But if there is some kind of explanation, it is up to Ms. Voss to provide it, and not up to the Court to speculate what it might be.

The former is obviously unacceptable. So it is with reluctance that the Court will issue a warrant requiring her arrest, so that she can be brought before the Court to answer the charge of contempt for willful failure to appear at the March 11 hearing. And at the same time she will be expected to respond to the earlier orders regarding sanctions and contempt.

**IT IS SO ORDERED**.

DATED: March 23, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge